JS 44 (Rev 06/17)

# CIVIL COVER SHEET

18-CV-3215

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DONG XIA CHANG a/k/a ALICE CHANG and PETER C CHANG | EASTERN UNIVERSITY and RUTGERS COMMUNITY CHRISTIAN CHURCH |
| **(b)** County of Residence of First Listed Plaintiff    Middlesex County, NJ *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Philadelphia County, PA *(IN U.S. PLAINTIFF CASES ONLY)* NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* Frank P Murphy, Murphy & Dengler 43 E Marshall St., Norristown, PA 19401 610-272-4222 | Attorneys *(If Known)* Robert V. Fodera, GuideOne Insurance Company PO Box14503, Des Moines, Iowa 50306 908-627-7010 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U S Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 690 Other | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
28 U.S.C. § 1332

Brief description of cause
Matter is between citizens of different states and Plaintiff's claim exceeds $75,000

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

**DEMAND $**

CHECK YES only if demanded in complaint
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE                                    DOCKET NUMBER

DATE 7/27/2018

SIGNATURE OF ATTORNEY OF RECORD
Robert V. Fodera

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA    **18    3215**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 13 South Street, Milltown, NJ 08850 _____

Address of Defendant: _____ 1601 Market Street, Ste. 210, Philadelphia, PA 19103 _____

Place of Accident, Incident or Transaction: _____ 1300 Eagle Road, Wayne, PA 19087 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07/30/2018        *Robert V. Odella*                    319675
                        Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. ☒ Other Personal Injury *(Please specify).* Slip/Fall
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
                    Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JUL 30 2018

# Robert V. Fodera

*Litigation Counsel for GuideOne Insurance*

PO Box 14503
Des Moines, IA 50306-3503
Phone. (908) 627-7010
Fax: (515) 267-5431
E-Mail RFodera@guideone.law
www.guideonelegal.com

Legal Assistants

Kelli Saluri
(515) 267-5643
KSaluri@guideone.law

Angela Sharpnack
(515) 267-5713
ASharpnack@guideone.law

July 27, 2018

U.S. District Court for the
Eastern District of Pennsylvania
601 Market Street, Rm 2609
Philadelphia, PA 19106-1797

      Re:    Chang, Dong Xia v. Rutgers Community Christian Church
               Our File No. PA00220

Dear Sir or Madam:

     Please find enclosed, in regards to the above-referenced matter, an original and one copy of a Civil Cover Sheet, Disclosure Statement and Notice of Removal. Please file the originals, stamp the copies as "Filed" and return them in the enclosed self-addressed stamped envelope.

     If you should have any questions, please feel free to contact me at 908-627-7010.

                                        Respectfully submitted,

                                        Robert V. Fodera

RVF/ks

cc.:    Frank P. Murphy, Esq.

$400

JP

18    3215

Robert V. Fodera, # 319675
P.O. Box 14503
Des Moines, Iowa 50306
Telephone: (908) 627-7010
Facsimile: (515) 267-5431
Email: RFodera@guideone.law

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONG XIA CHANG a/k/a ALICE CHANG and PETER C. CHANG, | Case No. _____ |
| Plaintiffs, | |
| v. | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| EASTERN UNIVERSITY and RUTGERS COMMUNITY CHRISTIAN CHURCH, | CIVIL ACTION |
| Defendants. | MAY TERM, 2018 NO. 02992 |

### DEFENDANTS, EASTERN UNIVERSITY and RUTGERS COMMUNITY CHRISTIAN CHURCH'S NOTICE OF REMOVAL

**TO:** **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

PLEASE TAKE NOTICE, that, on this date, EASTERN UNIVERSITY and RUTGERS COMMUNITY CHRISTIAN CHURCH, ("Removing Defendants"), by and through their counsel, Guideone Insurance Company, file this Notice of Removal pursuant to 29 U.S.C. §1466(a), to timely remove the captioned action from the Court of Common Pleas, Philadelphia County, where the action is now pending, to the United States District Court for the Eastern District of Pennsylvania, and in support states as follows:

1. On July 9, 2018, Plaintiff filed suit against Removing Defendants in the Court of Common Pleas, Philadelphia County, May Term 2018, No. 02992. (See "Exhibit A")

2. Plaintiff, Dong Xia Chang a/k/a Alice Chang alleges that she sustained severe and serious personal injuries as a result of a fall on property owned by Removing Defendant, Eastern University. (See "Exhibit A")

3. Plaintiff's Complaint was served on counsel for the Removing Defendants on July 9, 2018.

4. There are no additional defendants named in this action.

5. This Court has original jurisdiction under 28 U.S.C. § 1332 because the matter is between citizens of different states and, based on Plaintiff's claim of "severe and serious personal injuries", exceeds the sum of $75,000. (See "Exhibit A")

6. Removing Defendants avers that complete diversity of citizenship exists between the parties in this case.

7. Plaintiffs Dong Xia Chang a/k/a Alice Chang and her husband, Peter C. Chang, reside at 13 South Street, Milltown, NJ 08850. (See "Exhibit A")

8. Removing Defendant, Eastern University, operates an educational institution located 1601 Market Street, Suite 210, Philadelphia, PA 19103. (See "Exhibit A")

9. Removing Defendant, Rutgers Community Christian Church, operates a religious institution located 71 Cedar Grove Lane, Somerset, NJ 08873. (See "Exhibit A")

10. Plaintiffs were not citizens of the Commonwealth of Pennsylvania when this action was filed, nor were they citizens of Pennsylvania at the time the action was commenced.

11. This Notice of Removal is being filed within 30 days of service on the Removing Defendants of a copy of the initial pleading in the Court of Common Pleas, Philadelphia County, in accordance with the requirements of 28 U.S.C. § 1446.

12. Copies of any process, pleadings or orders served upon Removing Defendants are filed with this notice.

13. With the filing of this Notice of Removal, Removing Defendants shall give written notice thereof to Frank P. Murphy, Esq. of Murphy & Dengler, attorney for Plaintiffs, as required by 28 U.S.C. § 1446(d), and Removing Defendants shall file copies of said Notice and Notice of Filing of Removal with the Court Clerk of the Court of Common Pleas, Philadelphia County.

14. By filing this Notice of Removal, Removing Defendants do not waive any defenses which may be available to them specifically including, but not limited to, improper service of process and the absence of venue in this Court or in the Court from which this action has been removed.

15. The United States District Court for the Eastern District of Pennsylvania is the district within which the state court action is pending.

16. Accordingly, Removing Defendants have satisfied all the removal prerequisites of 28 U.S.C. § 1446

**WHEREFORE,** Removing Defendants removes the above-captioned action now pending against them in the Court of Common Pleas, Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania, wherein it shall proceed as an action originally commenced therein; and

**WHEREFORE,** Removing Defendants respectfully request that this action proceed in this Court as an action properly removed.

Dated: July 27, 2018

                      Respectfully submitted,

                      **GUIDEONE INSURANCE COMPANY**

By:   */s/ Robert V. Fodera*
                      Robert V. Fodera, Esq.
                      *Attorneys for Defendants, Eastern University and Rutgers Community Christian Church*

| | |
|---|---|
| DONG XIA CHANG a/k/a/ ALICE CHANG and PETER C. CHANG | : IN THE COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY, PENNSYLVANIA |
| Plaintiffs | : CIVIL ACTION |
| v. | : |
| EASTERN UNIVERSITY | : May Term, 2018 |
| and | : Docket No.: 02992 |
| RUTGERS COMMUNITY CHRISTIAN CHURCH | : JURY TRIAL DEMANDED |
| Defendants | : |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association
Lawyer Referral
and Information Service
1101 Market St., 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las previsiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

Lleva esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
1101 Market St., 11th Piso
Filadelfia, Pennsylvania 19107
(215) 238-6333

10-284



MURPHY & DENGLER
By: Frank P. Murphy, Esquire
Attorney I.D.# 25361
43 E. Marshall St.
Norristown, PA 19401
e-mail: fpm@fmurphylaw.com
610 272-4222                                            Attorney for Plaintiffs

| | |
|---|---|
| DONG XIA CHANG a/k/a/ ALICE CHANG and PETER C. CHANG | : IN THE COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY, PENNSYLVANIA |
| Plaintiffs | : CIVIL ACTION |
| v. | : May Term, 2018 |
| EASTERN UNIVERSITY | : Docket No.:  02992 |
| and | : JURY TRIAL DEMANDED |
| RUTGERS COMMUNITY CHRISTIAN CHURCH | : |
| Defendants | : |

## COMPLAINT

### I.   Parties

1.      Dong Xia "Alice" Chang (Hereafter referred to as injured Plaintiff) an adult female with her residence located at 13 South Street, Milltown, NJ 08850. Injured Plaintiff was at the relevant times hereto and is presently married to Peter C. Chang (Hereafter referred to as Plaintiff Spouse) and who resides with injured Plaintiff at the same address.

2.      Defendant Eastern University (Hereafter referred to as Defendant Eastern) is a co-educational, comprehensive Christian university with a campus location in the City of Philadelphia located at 1601 Market Street, Suite 210, Philadelphia, PA 19103. Defendant Eastern is affiliated with the American Baptist Churches USA and has an interdenominational

Christian student body, faculty and administration.

3.      Defendant Rutgers Community Christian Church (Hereafter referred to as Defendant RCCC) is an interdenominational Christian Church located in central New Jersey at 71 Cedar Grove Lane, Somerset, NJ 08873. Defendant RCCC is a New Jersey Non-Profit Corporation.

## II. Factual Background

4.      Defendant Eastern from time to time is believed to rent out its facilities to religious and social organizations for events, meetings, conferences, and gatherings. These rentals involve the payment by the religious and social organizations for the use of the facilities, including the real estate and fixtures thereon as well as use of the personal property and amenities necessary for the staging or conduct of such events, meetings, conferences, and gatherings. These items include setting up stages, chairs, platforms, etc.

5.      It is believed that Defendant RCCC for several years predating the incident causing injuries to Plaintiffs did stage an annual three day event sponsored by it at Defendant Eastern named "Quest for Life." It is further believed that Defendant Eastern rented out an auditorium for this event and Defendant RCCC paid for the auditorium and all the necessary fixtures, and personal property to set up a stage with invited guests such as Plaintiffs to attend.

6.      On May 30, 2016, at approximately noon, Injured Plaintiffs were attending a three day seminar event at Eastern University to listen to speakers regarding a Quest for Life outreach program presented by Defendant RCCC. Defendant, RCCC was the sponsor of the event and rented the space for as a retreat program to educate Chinese and other ethnic minorities about Christian knowledge and values.

7.      The injured Plaintiff was a volunteer standing on a platform behind bleachers in

the gymnasium waiting for a choir of very young children to sing while acting as backstop for these children to keep them from falling off of the bleachers. The platform was raised approximately two feet in height. There was a three step mobile bleachers that had been set up by Defendant, Eastern University for attendees on top of the platform to form a stage with bleachers for the children's choir. The injured Plaintiff was asked by Defendant, RCCC to stand behind the bleachers on the platform on a narrow ledge so as to backstop the children who were singing on the top step of the bleachers,  There were no guard rails present to protect either the children from falling off the bleachers or to prevent anyone from falling off the platform behind the bleachers.

8. Injured Plaintiff was located at the back of the platform behind the bleachers while protecting a two year old child from falling.

9. Injured Plaintiff was concerned with the child's safety she was holding from behind because there was a four foot drop from the bleacher to the platform and an additional two foot drop off at the back of the stage behind the bleachers or a 6 foot drop for a young child. Injured Plaintiff was positioned with the child to make sure the child did not fall backwards.

10. The two year old child was moving around in injured Plaintiff's arms. As a result of the dangerously narrow stage behind the bleachers and the child's squirming, injured Plaintiff fell backwards with the child in her arms. The child landed on top of the injured Plaintiff.

11. Although the child was not injured, the injured Plaintiff fell backwards with the weight of the child on injured Plaintiff and landed on the cement floor of the gymnasium and hit the back of her head on the cement floor. In addition there was a thick cable on the floor where the injured Plaintiff landed. This cable was forced into injured Plaintiff's ribs and caused three fractured ribs. Immediately after the fall, injured Plaintiff lost consciousness for several

moments and was unable to move or speak for approximately fifteen minutes. It was apparent upon examination of injured Plaintiff after the fall the fall that injured Plaintiff landed on the right side of her head.

12. Injured Plaintiff was taken to the Paoli Hospital via ambulance. Injured Plaintiff suffered from loss of consciousness, neck, back and right shoulder and upper back pain. EMS applied manual pressure and bandage to the head injury.

**III. Claims**

### Count I

### Dong Xia "Alice" Chang v. Eastern University

### Negligence

13. Plaintiffs incorporate by reference paragraphs 1 through 12 as though fully set forth at length.

14. Defendant Eastern is a landowner who has a legal obligation to people who rent the property with full knowledge of the scope of the rental to design, erect, and stage events with due care as required by a landlord for those on the premises as business invitees.

15. At all relevant times hereto injured Plaintiff was a business invitee to which Defendant Eastern owed a high duty of care.

16. Defendant, Eastern either set up the stage with bleachers on top of the platform as described aforesaid or allowed an inexperienced tenant such as Defendant, RCCC to set up the aforesaid bleacher stage/platform configuration.

17. It is believed and averred the use of bleachers with very young children in such a configuration as described above is inherently dangerous to the children and to the volunteers,

such as injured Plaintiff, in that the bleachers have no guide rails or barrier to prevent backward falls by children or adults and the volunteers to protect the children are in a space so narrow (about 6-8 inches wide) behind the bleachers on the platform so as to not be able to stand without half of the adult volunteers' feet hanging off the back end of the stage. (See Exhibit "A" a photo of volunteers on the back of the stage behind the bleachers in question at the time of injured plaintiff's fall)

18. Defendant Eastern knew or should have known the stage set up with the bleachers was inherently dangerous on the date the injured Plaintiff was injured. Said Defendant failed to account for the tender age of the children and the danger it was putting the volunteer caregivers mandated by the configuration of the bleachers/stage; and/ or it knew or should have exercised its control over its real and personal property as it was set up by the Defendant, RCCC.

19. The Defendant Eastern was negligent as follows:

 a. allowing a dangerous condition to exist on the land;

 b. endangering children with a stage configuration which could pose great danger to all who used the stage;

 c. failed to have adequate safety equipment to properly set up a stage for a children's choir;

 d. failed to inspect, supervise and or instruct the users of its realty and personalty of the safe and responsible way to set up a stage for children;

 e. failing to use all due care due to business invitees from conditions it knows or should know would likely cause danger;

 f. failed to warn users of the dangers of allowing young children to stand on the top step of bleachers with no cushioned are behind the stage or barriers

     behind the top step to prevent accidental falls.

  g.  allowing Defendant, RCCC to enlist volunteers to stand in a dangerous place on a narrow ledge which would lead to injury of someone who would fall backward from that height.

20. As a direct and proximate result of the neglect as set forth in this Count by Defendant, Eastern the injuries set forth below suffered by injured Plaintiff were factually caused by lack of care required by the duty the law imposes.

21. Plaintiff suffered the following injuries and losses by virtue of her fall:

  a.  Plaintiff suffered injuries to her head, neck, back and ribs. Injured Plaintiff was diagnosed with a minor closed head injury; right sided subdural hematoma; loss of consciousness, and multiple right sided rib fractures, chest wall pain.

  b.  Injured Plaintiff was given a diagnostic imaging including CT Brain without IV contrast to rule out brain bleeding. A CT of cervical spine without IV contrast was performed for midline neck pain. A CT of the chest with IV contrast was performed due to severe right chest pain and clavicle pain. The impression findings were right 3rd through 5th posterior lateral rib fractures.

  c.  It was prescribed for injured Plaintiff to miss work.

  d.  Prescription narcotic medication was given.

  e.  follow up care with a primary care physician for continued headaches, blurred vision, dizziness and right rib pain. The doctor noted it was hard for injured Plaintiff to move around without pain and noted moderate to severe tenderness over left chest wall including full pain upon taking a deep breath. Work status was changed to be 12 weeks out of work.

  f.  repeat diagnostic scans and referral to a neurologist who suspected a brain

injury of a possible calvarial hemangioma due to her head injury; hemangioma unspecified site, visual disturbances, dizziness and giddiness (exhibited as mild vestibular system damage), blurred vision, post-concussion syndrome.

        g.      Throughout the summer of 2016 injured Plaintiff suffered visual focus and blurred vision difficulties requiring new vision correction as injured Plaintiff had never worn glasses prior to the fall and stated she never had vision problems prior to the fall.

        h.      persistent post-concussive symptoms.

        i.      Past wage loss of a gross weekly rate of pay was $1076.69. Injured Plaintiff missed 12 weeks of work for a total wage loss of $12,920.28. In the event further care is needed in the future, future wage loss may ensue.

        j.      Past and future medical expense to diagnose and treat injured Plaintiff for her injuries sustained as a result of the negligence of this Defendant.

        k.      By reason of the foregoing injured Plaintiff has been caused to suffer and will continue to suffer for the indefinite future severe physical and emotional pain and suffering; loss of enjoyment of life's pleasures; embarrassment and humiliation; and disfigurement, some or all of which may be permanent.

WHEREFORE, Plaintiff, Dong Xia "Alice" Chang prays for damages in excess of $50,000 plus interest and cost as the law may allow against the Defendant, Eastern University jointly and severally with the other named defendant.

## Count I

### Dong Xia "Alice" Chang v. Rutgers Community Christian Church

### Negligence

22. Plaintiffs incorporate by reference paragraphs 1 through 21 as though fully set forth at length.

23. Defendant, RCCC was the promoter of the event set forth above and rented space from Defendant Eastern as landlord. Defendant, RCCC in turn opened the event to its members and guests of its congregation and thus has the same duties and responsibilities as a person in charge of land opened to the public.

24. Defendants had set up the stage in a similar fashion in the past at Defendant, Eastern University, but never with such a narrow ledge as in the case of the May 30, 2018 set up.

25. It is believed that Defendant, RCCC was jointly responsible for the safe set up of the stage and platform with Defendant Eastern. Each had the right to demand changes of the set up from the other so as not to allow the dangerous conditions to exist as existed on May 30, 2016.

26. It is believed and averred that Defendant, RCCC is guilty of the same breaches of duty of care by committing the same negligent acts as Defendant Eastern as set forth in Paragraphs 17, 18, 19 of Count I of this complaint.

27. As a direct and proximate result of the neglect as set forth in this Count by Defendant, RCCC the injuries set forth below suffered by injured Plaintiff were factually caused by lack of care required by the duty the law imposes.

28. Injured Plaintiff suffered all of those injuries set forth in paragraph 21 (a-k) in Count I of this complaint.

WHEREFORE, Plaintiff, Dong Xia "Alice" Chang prays for damages in excess of $50,000 plus interest and cost as the law may allow against the Defendant, Rutgers Community Christian Church jointly and severally with the other named defendant.

## Count III

### Peter C. Chang v. Defendant, Eastern University and Defendant, Rutgers Community Christian Church

### Consortium Claim

29. Plaintiffs incorporate by reference paragraphs 1 through 28 as though fully set forth at length.

21. As a direct and proximate result of the negligence aforesaid against Defendant, Eastern and Defendant, RCCC Plaintiff Spouse has been forced to suffer the loss of society, services and companionship of his spouse all to his great financial and emotional detriment.

WHEREFORE, the Plaintiff Spouse, respectfully requests this Honorable Court enter judgment in his favor and against the Defendant, Eastern University and Defendant, Rutgers Community Christian Church jointly and severally, in an amount in excess of $50,000.00 plus interest and costs as the law may allow.

Respectfully Submitted,

*Frank P. Murphy*

Frank P. Murphy, Esquire
Attorney for Plaintiffs



## VERIFICATION

I, Frank P. Murphy, Esquire am authorized to make this verification on behalf of Plaintiffs. I have obtained the facts pled herein from the Plaintiffs directly and do verify that the statements of facts made in the foregoing Complaint are according to the Plaintiffs true and correct. I understand that any false statements made by me therein are subject to the penalties of 18 PA C.S. Section 4904, relating to unsworn falsification to authorities. Plaintiffs intend to separately verify these allegations in the near future, but so as not to delay the filing of the complaint authorized Plaintiffs' counsel to so verify.

Date: July 9, 2018                                          By: Frank P. Murphy, Esquire

*/s/ Frank P. Murphy*

fpm

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2018, a true and correct copy of the foregoing notice of removal was served upon the following:

Frank P. Murphy, Esq.
Murphy & Dengler
43 E. Marshall Street
Norristown, PA 19401
*Attorney for the Plaintiff*

                          **GUIDEONE INSURANCE COMPANY**

By: *Robert V. Fodera*
                          Robert V. Fodera, Esq.
                          Attorneys for Defendants, Eastern University
                          and Rutgers Community Christian Church